Hector M. Hitchings and Others, Appellants, v. The New York, Brooklyn and Manhattan Beach Railway Company and the Long Island Railroad Company, Respondents.— Judgment and order affirmed, with costs. No opinion. Jenks, P. J., Burr, Carr, Rich and Putnam, JJ., concurred.

In the Matter of the Application for Ancillary Letters Testamentary on the Last Will and Testament of George W. Horton, Late of the State of Ohio, Deceased. Alice M. Horton, Appellant; Jane Ann Dickie, Respondent. — Decree of the Surrogate's Court of Westchester county affirmed, with costs. No opinion. Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

Mary Ludlam, Respondent, v. Clara Bloodgood, Defendant, Impleaded with Henry A. Ludlam and Another, Appellants.— Order modified by reducing the amount of costs allowed from twenty-five dollars to ten dollars and disbursements, and striking out the award of execution, in the following words: "and that she have execution therefor;" and as so modified such order is affirmed, without costs of this appeal. Jenks, P. J., Burr, Thomas, Rich and Stapleton, JJ., concurred.

Mary Ludlam, Respondent, v. Frederick H. Schumm and Another, Defendants, Impleaded with Henry A. Ludlam and Another, Appellants. — Order modified by reducing the amount of costs allowed from twenty-five dollars to ten dollars and disbursements, and striking out the award of execution, in the following words: "and that she have execution therefor;" and as so modified such order is affirmed, without costs of this appeal. Jenks, P. J., Burr, Thomas, Rich and Stapleton, JJ., concurred.

Daniel Mack, Respondent, v. Astoria Veneer Mills and Dock Company, Appellant.— Judgment and order of the County Court of Queens county reversed and new trial ordered, costs to abide the event, on the ground that the evidence failed to establish the negligence of defendant. Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

Eugene Mallon, Respondent, v. Richard H. Thomas, Inc., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present— Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ.

Leonora Maslanka, as Administratrix, etc., of Joseph Maslanka, Deceased, Respondent, v. The American Manufacturing Company, Appellant.— Defendant's breaker machines had an outer grating or guard covering the end gears. Necessarily, this grating had to be opened for oiling the cog wheel bearings. For six months before the accident the deceased had been oiling these bearings with the machine in motion. The omission to stop it during oiling was the gravamen of the notice under the Employers' Liability Act,* and not the absence of a guard. The weight of evidence is that, considering this gearing and its frequent changes during the day, it was not practicable while the bearings were being oiled to guard each individual cog

---

* See Labor Law (Consol. Laws, chap. 31; Laws of 1909, chap. 36), art. 14, as amd. by Laws of 1910, chap. 352.— [REP.